**Anika TAYLOR, on behalf of D.M.T., Plaintiff–Appellant**

v.

**Carolyn W. COLVIN, Acting Commissioner of Social Security, Defendant–Appellee.**

No. 13–2950.

United States Court of Appeals, Eighth Circuit.

Submitted: April 24, 2014.

Filed: May 27, 2014.

Anika Taylor, on Behalf of D.M.T., Saint Louis, MO, pro se.

Nicholas P. Llewellyn, Assistant U.S. Attorney, U.S. Attorney's Office, Saint Louis, MO, Kristi Schmidt, Deputy Chief Counsel, Sean Stewart, Assistant Regional Counsel, Social Security Administration Office of General Counsel Region VII, Kansas City, MO, for Defendant–Appellee.

Before MURPHY, COLLOTON, and BENTON, Circuit Judges.

PER CURIAM.

Anika Taylor, on behalf of her minor son (D.M.T.), appeals the district court's[1] order affirming the denial of child's disability benefits. Taylor alleged that D.M.T. was disabled from attention deficit hyperactivity disorder and insomnia.

Upon de novo review of the record, this court finds that the administrative law judge's (ALJ's) credibility determination is entitled to deference. *See McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir.2011) (where ALJ explicitly discredits claimant and gives good reasons for doing so, court normally defers to credibility findings). Substantial evidence supports the ALJ's determination that D.M.T.'s impairments, alone or combined, did not meet or medically equal the severity of one of the listed impairments, or result in the requisite "marked" limitations in two domains of functioning or "extreme" limitations in one domain of functioning. *See Johnson v. Barnhart*, 390 F.3d 1067, 1070 (8th Cir. 2004) (claimant has burden to establish impairment meets or equals all specified

---

1. The Honorable John A. Ross, United States District Judge for the Eastern District of Missouri.

criteria for listing); 20 C.F.R. § 416.926a(a)-(b), (e)(2)-(3) (defining "marked" and "extreme"); *Moore ex rel. Moore v. Barnhart,* 413 F.3d 718, 721 (8th Cir.2005) (Commissioner's decision will be affirmed if it supported by substantial evidence on record as whole); *Van Vickle v. Astrue,* 539 F.3d 825, 828 & n. 2 (8th Cir.2008) (additional evidence submitted to Appeals Council considered in substantial evidence equation).

The judgment is affirmed.